# UNITED STATES DISTRICT COURT
# DISTRICT OF ARIZONA

| | |
|---|---|
| Dale Robert Lanier,<br>Plaintiff<br>-vs-<br>Freedom Mortgage Corporation, et al.,<br>Defendants. | CV-25-2375-PHX-JFM<br><br>**Report & Recommendation**<br>**to the Hon. Stephen M. McNamee** |

This matter is before the undersigned magistrate judge awaiting consents pursuant to 28 U.S.C. § 636(c).[1]  Because the appropriate resolution of this matter is dispositive of claims or defenses, the undersigned proceeds by way of a Report & Recommendation to Senior District Judge McNamee, pursuant to 28 U.S.C. § 636(b)(1)(B) and General Order 21-25.

Plaintiff filed his *pro se* Complaint (Doc. 1) on July 8, 2025, name as Defendants Freedom Mortgage Corporation and Rosenbaum Realty Group.  Plaintiff's Application to Proceed In Forma Pauperis was denied without prejudice (Order 7/9/25, Doc. 5) and Plaintiff paid the filing fees (Doc.7).

On October 10, 2025 the Court noted that the time for completion of service expired on October 6, 2025, and gave Plaintiff through October 24, 2025 to show cause why the matter should not be dismissed for failure to effect timely service. (Order 10/10/25, Doc. 12.)  On October 23, 2025 Plaintiff responded (Doc. 13) arguing the merits of his claims and the wrongfulness of Defendants' conduct.  The Court found no showing of diligence in effecting service or cause for delay, but nonetheless the Court gave Plaintiff through

---

[1] One party's agreement to magistrate judge jurisdiction (Doc. 10) was filed August 18, 2025.

- 1 -

November 21, 2025 to complete service or to show cause why the case should not be dismissed pursuant to Fed. R. Civ. Proc. 4(m). The Order cautioned:

> If he fails to do so, the Court will proceed with dismissal without prejudice under Rule 4(m).

(Order 10/24/25, Doc. 14 at 2.) Plaintiff has not filed a return of service, sought an extension of time to complete service, or shown cause why the case should not be dismissed.

Dismissal of a party is appropriate where a plaintiff fails to show **good cause** for delays in service. *See Walker v. Sumner,* 14 F.3d 1415 (9th Cir. 1994) (upholding dismissal where no showing of good cause for delay in service).

> At a minimum, "good cause" means excusable neglect. A plaintiff may also be required to show the following: (a) the party to be served personally received actual notice of the lawsuit; (b) the defendant would suffer no prejudice; and (c) plaintiff would be severely prejudiced if his complaint were dismissed.

*Boudette v. Barnette,* 923 F.2d 754, 756 (9th Cir.1991). Plaintiff has not provided good cause for his continuing delay in service.

Notwithstanding Rule 4(m), where "good cause does not exist, the court may in its discretion decide whether to dismiss the case without prejudice or extend time for service." *Petrucelli v. Bohringer and Ratzinger,* 46 F.3d 1298, 1305 (3rd Cir. 1995). "[I]f good cause is not established, the district court may extend time for service upon a showing of **excusable neglect**." *Lemoge v. U.S.*, 587 F.3d 1188, 1198 (9th Cir. 2009).

To determine whether a plaintiff demonstrates excusable neglect, courts use the test set forth in *Pioneer Inv. Services Co. v. Brunswick Assoc. Ltd.*, 507 U.S. 380, 394 (1993), and *Briones v. Riviera Hotel & Casino*, 116 F.3d 379, 381 (9th Cir.1997). *See Lemoge*, 587 F.3d at 1198 (holding that plaintiff had established excusable neglect for the purposes of Rule 4(m) via the *Pioneer-Briones* test). The *Pioneer-Briones* test is as follows:

> [T]he determination of whether neglect is excusable is an equitable one that depends on at least four factors: (1) the danger of prejudice to the opposing party; (2) the length of the delay and its potential impact on the proceedings, (3) the reason for the delay; and (4) whether the movant acted in good faith.

*Bateman v. U.S. Postal Service*, 231 F.3d 1220, 1223-1224 (9th Cir.2000). Here, all but the last factor call for a finding of no excusable neglect.

<u>Danger of Prejudice to Unserved Defendant</u> - Defendants, if eventually served, would be brought into litigation which has already been pending for some five months. This delay, with attendant loss of evidence, can be presumed to result in Defendant's prejudice in defending against Plaintiff's claims

<u>Length of Delay and Impact</u> – Almost five months have expired since service on Defendant was appropriate.  The case cannot progress without completion of service.

<u>Reason for Delay</u> – Plaintiff apparent lack of any attempts at pursuing service on defendants does not demonstrate diligence, nor provide sufficient reason to explain the extent of the delay.

<u>Good faith</u> - There appears no reason to conclude that Plaintiff has acted in bad faith, as opposed to simply being dilatory.

In sum, all but the last factor weighs against a finding of excusable neglect, and thus the undersigned finds none.

**<u>Summary</u>** - Plaintiff has failed to show good cause or excusable neglect to justify an extension of time to complete service in this case. Dismissal of a party (and thus this action) is appropriate where a plaintiff fails to show good cause for delays in service. *Walker v. Sumner*, 14 F.3d 1415 (9th Cir. 1994).

**IT IS THEREFORE RECOMMENDED** that, pursuant to Rule 4(m), this case be **DISMISSED WITHOUT PREJUDICE**.

**EFFECT OF RECOMMENDATION**

This recommendation is not an order that is immediately appealable to the Ninth Circuit Court of Appeals.  Any notice of appeal pursuant to *Rule 4(a)(1), Federal Rules of Appellate Procedure*, should not be filed until entry of the district court's judgment.

However, pursuant to *Rule 72, Federal Rules of Civil Procedure,* the parties shall have fourteen (14) days from the date of service of a copy of this recommendation within

- 3 -

1 which to file specific written objections with the Court. Thereafter, the parties have
2 fourteen (14) days within which to file a response to the objections. Failure to timely file
3 objections to any findings or recommendations of the Magistrate Judge will be considered
4 a waiver of a party's right to *de novo* consideration of the issues, *see United States v.*
5 *Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003)(*en banc*), and will constitute a waiver
6 of a party's right to appellate review of the findings of fact in an order or judgment entered
7 pursuant to the recommendation of the Magistrate Judge, *Robbins v. Carey*, 481 F.3d 1143,
8 1146-47 (9th Cir. 2007).

Dated: December 2, 2025

25-2375r RR 25 12 02 re Dismss FTSrv.docx

James F. Metcalf
United States Magistrate Judge